IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILLAGER FRANCHISE SYSTEMS, INC., <br><br> Plaintiff and Counter-Defendant, <br><br> vs. <br><br> DHAMI, DHAMI & VIRK, a general partnership, MALUK DHAMI, an individual, and KULDIP S. DHAMI, an individual, <br><br> Defendants and Counter-Claimants. | No. CV-F-04-6393 REC SMS <br><br> ORDER GRANTING PARTIAL SUMMARY JUDGMENT FOR PLAINTIFF REGARDING ATTORNEY FEES AND INTEREST. <br><br> (Doc. 21) |

On December 5, 2005, the Court heard Plaintiff's Motion for Summary Judgment or Alternatively For Partial Summary Judgment (the "Motion"). In its Order issued January 6, 2006, the Court granted partial summary judgment in favor of Plaintiff and requested further briefing regarding the amounts of attorney's fees and interest due under the Agreement and the Promissory and Initial Fee Notes. Order 27:9-21. The parties have now briefed the issues of attorney's fees and interest. Plaintiff seeks

1

$56,964.60 in interest on liquidated damages, $26,126.10 in interest on unpaid Recurring Fees, $30,611.04 in interest on unpaid notes, and $57,572.85 in attorney's fees and expenses.

Defendants object to Plaintiff's claims for interest and attorney's fees on several grounds.

**I.   Choice of Law**

Defendants object to Plaintiff's request that the Court use New Jersey law to decide issues of interest and attorney's fees, as called for under section 17.6.1 of the Franchise Agreement. See Cox Decl. Ex. A at 18.  Defendants do not dispute that New Jersey choice-of-law provision is enforceable and properly encompasses these issues.  See Nedlloyd Lines B.V. v. Super. Ct., 3 Cal. 4th 459, 464-65 (1992) (strong policy in favor of enforcing parties' contractual choice of law).  Defendants take issue only with Plaintiff's inconsistency in failing to invoke this provision in its arguments regarding of liability.  In any event, Defendants' argument appears to be purely academic as they do not contend that employing New Jersey law to decide these issues triggers a different result than would obtain under California law or the law of any other jurisdiction.  Thus, the Court will apply New Jersey law.

**II.  Prejudgment Interest on Recurring Fees**

Plaintiff seeks interest on the Recurring Fees pursuant to the Franchise agreement.  Section 7.3 of the Franchise Agreement provides: "'Interest' is payable when you receive our invoice on any past due amount payable to us under this Agreement at the

2

rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid." Cox Decl. Ex. A at 9.

Defendants argue that they need not pay interest under the agreement because Plaintiff has not shown that Defendants received any invoice showing a past due amount. Defendants admit that they received the Notice of Default Plaintiff sent on October 9, 2002. Request for Admission ("RFA")[1] to Defs. No. 2. The Notice of October 9 lists the current balance of recurring fees and includes an itemized list of all charges. Cox Decl. Ex. H. Defendants also admit that they received notice of termination of the agreement in the letter of December 16, 2002. RFA to Defs. No. 3. That letter states that Defendants must immediately pay "the full amount of all Recurring Fees and other charges due under the Agreement." Cox Decl. Ex. I. The Court finds that the requirement of section 7.3 that Defendants receive an invoice on any past due amount is satisfied.

Defendants also argue that an award of liquidated damages forecloses Plaintiff from recovering interest on unpaid recurring fees. The Franchise Agreement provides, in section 12.1, that "Liquidated Damages are paid in place of our claims for lost future Recurring Fees under this Agreement. Our right to receive other amounts due under this Agreement is not affected." Cox Decl. Ex. A. Defendants argue that this language means that any

---

[1] The Court has held that, because of Defendants' failure to respond, the RFAs are "conclusively established." Order 7:10-16.

1 liquidated damages replace "all Plaintiff[']s claims for
2 recurring fees including interest."  Opp'n 4:11-12.
3     Defendants' interpretation is inconsistent with the plain
4 language of the Franchise Agreement.  Plaintiff is seeking to
5 recover interest on Recurring Fees incurred prior to termination,
6 not interest on future Recurring Fees.  Liquidated damages only
7 replace "future Recurring Fees," not unpaid Recurring Fees
8 incurred prior to termination.  See Cox Decl. Ex. A at 14.
9 Therefore, the Court's award of liquidated damages for future
10 Recurring Fees does not foreclose an award of prejudgment
11 interest on unpaid Recurring Fees incurred prior to termination.
12     Accordingly, the Court finds that, as a matter of law,
13 Plaintiff is entitled to prejudgment interest on the Recurring
14 Fees.
15 **III. Prejudgment Interest on the Liquidated Damages**
16     Plaintiff contends that section 7.3 of the Franchise
17 Agreement, which allows for interest on "any past due amount
18 payable to us under this Agreement," requires the Court to award
19 prejudgment interest on the liquidated damages.  See Cox Decl.
20 Ex. A at 9.  Defendants argue that the Franchise Agreement is
21 silent as to whether interest is appropriate on liquidated
22 damages.  If the amount of liquidated damages is not certain,
23 then such damages constitute an impermissible penalty, Defendants
24 contend, citing a pair of district court cases, Kingston
25 Constructors v. Washington Metropolitan Area Transit Authority,
26 930 F. Supp. 651, 656 (D.D.C. 1996), and Travelodge Hotels v. Kim

4

Shin Hospitality, 27 F. Supp. 2d 1377, 1383 (M.D. Fla. 1998). Neither of these cases discuss prejudgment interest on liquidated damages. Rather, they both appear to discuss the requirement that liquidated damages be a reasonable forecast of expected damages. The Court has already found that the liquidated damages in this case reasonably forecast expected damages "based on how long Plaintiff typically takes to replace a terminated hotel property." Order 24:26-25:1. New Jersey law does not bar a plaintiff from recovering prejudgment interest on liquidated damages amounts. Meier v. N.J. Life Ins. Co., 101 N.J. 597, 622 (N.J. 1986).

The Court finds that the award of prejudgment interest on the liquidated damages is proper. In this case, two commercial entities entered a Franchise Agreement providing for liquidated damages and prejudgment interest on past due amounts. The liquidated damages came due as soon as Plaintiff terminated the Franchise Agreement. Defendants have had the use of these monies to which Plaintiff is entitled since that time. As a matter of law, Plaintiff is entitled to prejudgment interest on the liquidated damages.

**IV. Attorney's Fees and Expenses**

Plaintiff requests attorney's fees in the amount of $51,788.70, a figure it supports with partially redacted copies of billing invoices portraying work done on this matter. See Plattner Decl. Exs. A-P. Defendants do not dispute that Plaintiff is entitled to recover attorney's fees for work done on

5

1 this action.  Defendants argue instead that the fees Plaintiff
2 seeks are unreasonable.
3     Defendants, citing Section 17.6.2 of the Franchise
4 Agreement, suggest that the fee award should be reduced because
5 Plaintiff did not attempt to resolve the dispute prior to
6 instigating litigation.  See Cox Decl. Ex. A at 18 (Section
7 17.6.2 of the Franchise Agreement provides that "[t]he parties
8 shall attempt in good faith to resolve any dispute concerning
9 this Agreement or the parties' relationship promptly through
10 negotiation between authorized representatives.")  That provision
11 does not indicate the parties intended to reduce attorney's fees
12 as a penalty for failing to attempt to resolve a dispute out of
13 court.  Defendants do not explain how such a reading could be
14 reasonable.  In any event, Plaintiff offered to resolve the suit
15 without litigation in correspondence sent October 9, 2002,
16 December 16, 2002, and March 21, 2003.  See Cox Decl. Exs. H, I,
17 J.
18     Defendants do not claim that the hourly rates Plaintiff's
19 counsel billed are unwarranted.  Defendants appear to argue that
20 the litigation did not require as many hours of work as
21 Plaintiff's counsel claim.  The fees are excessive, Defendants
22 assert, to the extent they arise from work the description of
23 which has been partially redacted.  Defendants calculate that
24 $18,457.65 of the fees Plaintiff seeks are for such work.  They
25 urge the Court to reduce the fee award by that figure.
26     The Court has reviewed the billing invoices and concludes

6

1  that the redactions do not prevent it from determining the
2  reasonableness of the work performed.  Most of the redacted
3  entries thoroughly describe the tasks performed.  For instance,
4  an entry on June 19, 2003, accounting for .40 hours, reads
5  "REVIEW [redacted] TO PREPARE COMPLAINT AND COURT RULES TO
6  [redacted]," (Plattner Decl. Ex. A) and an entry on December 19,
7  2003, for .40 hours, states "REVIEW [redacted] AND WORK ON
8  REVISING DRAFT COMPLAINT [redacted]" (Plattner Decl. Ex. C).  In
9  these entries, the purpose of the work is clearly to prepare the
10 Complaint, though the particular materials or subject matter of
11 the research are redacted.  In other entries, the subject matter
12 of communications with the client or fellow counsel is redacted:
13 .10 hours on March 7, 2005, for  "CORRESPONDENCE WITH CLIENT RE
14 [redacted]" (Plattner Decl. Ex. I) and .30 hours on May 3, 2005,
15 for "CONFERENCE WITH COUNSEL REGARDING [redacted]" (Plattner
16 Decl. Ex. J).

17      Some entries are more vague.  For example, two entries on
18 June 9, 2005, both read simply "WORK ON [redacted]."  Plattner
19 Decl. Ex. J.  It is easy to tell based on the timing of these
20 entries what reasonable work they might reflect.  The surrounding
21 entries indicate that Plaintiff's counsel were concurrently at
22 work drafting a settlement conference statement on that day.  <u>See</u>
23 Plattner Decl. Ex. J.

24      The redactions appear to properly serve the interests of
25 maintaining attorney-client privilege and strategically
26 protecting attorney work product.  The entries on the billing

7

invoices are thorough enough to allow Defendants to object to work performed as unnecessary or excessive. Defendants, however, have failed to argue that any portion of the billing invoice contains an unreasonable amount of hours given the difficulty of the work or the demands of the litigation schedule. Defendants merely conclusively state that the amount of discovery performed and the work product filed in this case do not support the award Plaintiff requests.

The Court disagrees. Nothing before the Court indicates that Plaintiff's counsel spent an unreasonable amount of time working on this case. Rather the time spent seems to correspond with ordinarily diligent litigation activity. The brunt of the hours billed appear to be spent during the most important stages of the litigation: drafting and revising the complaint, preparing for and taking depositions of Defendants, and researching and drafting the summary judgment motion. The Court finds that, as a matter of law, Plaintiff is entitled to recover the attorney fees and expenses set forth in the billing invoices.

**Accordingly**, partial summary judgment is granted as to the following amounts of damages:

1. Prejudgment interest on unpaid liquidated damages: $56,964.60.
2. Prejudgment interest on unpaid Recurring Fees: $26,126.10.
3. Prejudgment interest on the unpaid Initial Fee Note and Promissory Note: $30,611.04.

4.   Attorney's fees and expenses:   $57,572.85.

IT IS SO ORDERED.

**Dated: April 12, 2006**                    **/s/ Robert E. Coyle**
810ha4                                        UNITED STATES DISTRICT JUDGE